UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JODIE D. GRAGG,

             Plaintiff,

v.

GRAYS HARBOR PROSECUTOR'S OFFICE, *et al*,

             Defendants.

Case No.  C07-5496RJB-KLS

ORDER TO SHOW CAUSE

     This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

     A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

ORDER
Page - 1

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff alleges in his complaint that Deputy Prosecutor Kraig Newman and Superior Court Judge David Foscue violated his due process rights by having superior court and appeal proceedings without him being represented by an attorney, and by not contacting him to let him know of appeal proceedings. (Dkt. #1, p. 3). These allegations, however, are deficient for the reasons set forth below.

Judicial officers are immune from liability for damages under 42 U.S.C. § 1983 for acts taken within their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 554-55. A judge will be subjected to liability only when he or she acts in the "clear absence of all jurisdiction" or when he performs an act that is not judicial in nature. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). Plaintiff's claims do not show Judge Foscue acted outside his judicial role or jurisdiction, and thus, it appears he is immune from section 1983 liability.

Prosecutors also are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." Ashelman, 793 F.2d at 1076 (citing Imbler, 424 U.S. at 430-31). "If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted." Ybarra v. Reno Thunderbird Mobile Home

1 Village, 723 F.2d 674, 678 (9th Cir. 1984) (quoting Imbler, 424 U.S. at 430-31).  Prosecutorial immunity
2 applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor
3 whose malicious or dishonest action deprives him of liberty.'" Ashelman, 793 F.2d at 1075 (quoting
4 Campbell v. Maine, 787 F.2d 776, 778 (1st Cir.1986)).  Here too plaintiff has failed to show Mr. Newman
5 acted other than in his role as an advocate initiating a prosecution, and therefore he appears to be immune
6 from section 1983 liability as well.

7     Plaintiff, in addition, names as defendants in the caption of his complaint both the Grays Harbor
8 Prosecutor's Office and the Grays County Superior Court.  First, plaintiff fails to state how these two
9 local government entities participated in causing the harm alleged.  Second, while a local government
10 agency, municipality, or agency thereof, can be held liable under section 1983, to do so plaintiff must
11 show: (a) he was deprived of a constitutional right; (b) the local government agency has a policy; (c) the
12 policy amounts to deliberate indifference to his constitutional rights; and (d) the policy is the moving
13 force behind the constitutional violation.  Oviatt v. Pearce, 954 F.2d 1470, 1474  (9th Cir.1992).  In
14 addition, a municipality may be held liable under the above standards, if the plaintiff identifies a municipal
15 "custom," as opposed to an actual "policy," caused the alleged injury.  Board of County Commissioners of
16 Bryan County v. Brown, 520 U.S. 397, 403 (1997).  Plaintiff has not made the requisite showing or even
17 alleged that any such unconstitutional policy or custom exists.

18     Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff shall file
19 an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why
20 this matter should not be dismissed by **no later than November 11, 2007**.  The amended complaint must
21 carry the same case number as this one.  If an amended complaint is not timely filed or if plaintiff fails to
22 adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant
23 to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

24     Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original
25 pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.
26 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915
27 (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original
28 complaint.

    The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended

1 complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to
2 plaintiff.
3     DATED this 12th day of October, 2007.

Karen L. Strombom
United States Magistrate Judge